FILED

2009 Jul-01  AM 11:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **KEISHA BUTLER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.:  4:09-CV-653-VEH** |
| | ) | |
| **MUELLER CO., LTD.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

## I.    INTRODUCTION

Plaintiff Keisha Butler ("Butler") initiated this job discrimination case on March 31, 2009, against Defendant Mueller Co., Ltd. ("Mueller"). (Doc. 1). Butler is proceeding in this lawsuit as a *pro se* litigant.

Butler's complaint contains two counts. (Doc. 1 at 2-4). Count one is for unlawful termination on the basis of race asserted pursuant to Title VII. (*Id.* at 2-3 ¶¶ 8-16). Count two is for unlawful termination claim on the basis of gender also asserted pursuant to Title VII. (*Id.* at 3-4 ¶¶ 17-25).

Pending before the court is Mueller's Motion for Summary Judgment (Doc. 7) and supporting brief and evidence (Doc. 8), both of which were filed on April 30, 2009. Mueller's Motion for Summary Judgment is really one for partial summary

judgment as it seeks a dismissal of only those "claims seeking monetary relief." (Doc. 7 at 5).

On May 14, 2009, the court entered an order that gave Butler express notice and an explanation of Rule 56 of the Federal Rules of Civil Procedure consistent with the requirements set forth in *Griffith v. Wainwright*, 772 F.2d 822, 825 (11th Cir. 1985).[1]   (Doc. 10; *id.* at attached notice).   The order also advised Butler of her obligation to comply with Appendix II of the court's Uniform Initial Order when filing her response to summary judgment.   (Doc. 9 at 1 ("The purpose of this order is to notify Plaintiff of her right to file affidavits or other materials in opposition to the motion and to notify Plaintiff of the consequences of default.   It does <u>not</u> change any of the requirements of Appendix II to the court's Uniform Initial Order, which was previously entered in this case.")).

The order further notified Butler that June 4, 2009, was her deadline to file any opposition to Mueller's Motion for Summary Judgment.   (Doc. 10 at 2).   Consistent with this requirement, on June 4, 2009, Butler filed a declaration[2] in opposition to summary judgment.   (Doc. 15).

---

[1]   The record reflects that Butler received this order on May 20, 2009.  (Doc. 14).

[2]   Although Butler calls this document an affidavit, the sworn statement is in the form of a declaration.  (Doc. 15 (lacking a notarization)).

On June 10, 2009, Mueller filed its reply brief.  (Doc. 16).  For the reasons explained below, Mueller's Motion for Summary Judgment is due to be granted and all of Butler's Title VII monetary claims are due to be dismissed on the grounds of judicial estoppel.

## II.    STANDARD ON SUMMARY JUDGMENT

Summary judgment is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the nonmovant.  *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).[3]  A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

"Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to 'come forward with specific facts showing that there is a genuine issue for trial.'" *International Stamp Art, Inc.*

_____

[3] Rule 56 was recently amended in conjunction with a general overhaul of the Federal Rules of Civil Procedure. The Advisory Committee was careful to note, however, that the changes "are intended to be *stylistic only*." Adv. Comm. Notes to Fed. R. Civ. P. 56 (2007 Amends.) (emphasis supplied). Consequently, cases interpreting the previous version of Rule 56 are equally applicable to the revised version.

*v. U.S. Postal Service*, 456 F.3d 1270, 1274 (11th Cir. 2006) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)). "If the movant bears the burden of proof on an issue, because, as a defendant, it is asserting an affirmative defense, it must establish that there is no genuine issue of material fact as to any element of that defense." *International Stamp*, 456 F.3d at 1274 (citing *Martin v. Alamo Community College Dist.*, 353 F.3d 409, 412 (5th Cir. 2003)).

## III.   STATEMENT OF FACTS[4]

On April 27, 2007, Butler initiated a voluntary petition for bankruptcy under Chapter 7 in the United States Bankruptcy Court for the Northern District of Alabama.  (Doc. 8 at Ex. A at 1-3); AF No. 1.[5]  Butler was represented by attorney

---

[4]   Whenever the facts are in dispute, they are stated in the manner most favorable to the non-moving party.  *See Fitzpatrick*, 2 F.3d at 1115.  Therefore, these are the facts for summary judgment purposes only.  They may not be the actual facts. *See Cox v. Administrator U.S. Steel & Carnegie*, 17 F.3d 1386, 1400 (11th Cir. 1994) ("'[W]hat we state as 'facts' in this opinion for purposes of reviewing the rulings on the summary judgment motion [ ] may not be the actual facts.'") (citation omitted).

[5]   Butler has not directly responded to HMA's statement of facts as required under Appendix II of the court's Uniform Initial Order.  (Doc. 9).  As a result, by operation of Appendix II, HMA's facts set forth in Doc. 7 and again in Doc. 8 are deemed admitted for the purposes of summary judgment.  At the same time, this court is aware that any "specific facts" pled in a *pro se* plaintiff's sworn complaint must be considered in opposition to summary judgment.  *See Perry v. Thompson*, 786 F.2d 1093, 1095 (11th Cir. 1986).  While Butler's claims have not been brought pursuant to a sworn complaint, she has offered one declaration in opposition to summary judgment.  (Doc. 15).  Accordingly, in formulating the following statement of facts, the court has considered any specific admissible facts included in Butler's declaration

Misty S. Ledbetter in the bankruptcy proceeding.  AF No. 2.

The voluntary petition required Butler to disclose "all suits and administrative proceedings" to which she is or was a party.  AF No. 3.  Butler was also required to disclose all "contingent and unliquidated claims of every nature."  AF No. 4.

At the time of her initial bankruptcy filing, Butler had not been discharged from employment by Mueller.  (Doc. 15 ¶ 3).  The voluntary petition listed forty-three separate creditors.  AF No. 5.

Butler recalls attending " a creditors meeting in early June, 2007" in which she responded to the trustee that she had no "claims or lawsuits, filed or unfiled" against anyone other than "Quick Cash" which she had listed.  (Doc. 15 ¶ 4).

Butler amended her bankruptcy schedules only once.  AF No. 6.  Butler's amended bankruptcy schedule was filed with the bankruptcy court on June 27, 2007, to reflect a decrease in her average monthly income from $2,667.25 to $600.00.  AF No. 7.

According to Butler's complaint, Mueller terminated her employment on June 19, 2007.  AF No. 8.  On July 31, 2007, Butler filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") relating to this discharge. AF No. 9.

---

that are material to its decision on summary judgment.

The facts alleged in Butler's July 31, 2007, EEOC charge mirror the facts alleged in her complaint.  AF No. 10.  The complaint does not assert any facts or claims not contained in the EEOC charge.  AF No. 11.

Butler did not ever amend her bankruptcy schedules to disclose her Title VII claims asserted against Mueller in her EEOC charge.   AF No. 12.  On August 20, 2007, almost three weeks after filing her EEOC charge, Butler received a no asset bankruptcy discharge. AF No. 13.  Butler's bankruptcy case was closed on December 12, 2007.  AF No. 14.

## IV.   ANALYSIS

### A.   Butler's Response to Mueller's Motion for Summary Judgment Fails to Procedurally Comply with the Court's Requirements.

If the nonmovant has not supplied the court with a response to dispute any issue of fact, this court may receive the movant's factual account as "a *prima facie* showing of its entitlement to judgment." *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988) (citing *Matsushita Electrical Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S. Ct. 1348, 1356 (1986); *Anderson*, 477 U.S. 242, 106 S. Ct. at 2511; *Celotex*, 477 U.S. 317, 106 S. Ct. at 2553).  Here, while Butler has offered a declaration in response to Mueller's Motion for Summary Judgment, it does not directly addresses Mueller's statement of facts.

This omission also fails to comply with the court's summary judgment requirements.  In particular, as Appendix II to the Uniform Initial Order provides in pertinent part:

### D.    Manner of Stating Facts

All briefs submitted either in support of or opposition to a motion must begin with a statement of allegedly undisputed relevant material facts set out in *separately numbered paragraphs*.  Counsel must state facts in clear, unambiguous, simple, declarative sentences.  All statements of fact must be supported by specific reference to evidentiary submissions. . . .

### 2.    Opposing Party's Statement of Facts

Each party opposing a summary judgment motion also must submit a statement of facts divided as follows.

### a.    Response to Movant's Statement

The first section must consist of only the non-moving party's disputes, if any, with the moving party's claimed undisputed facts.  The non-moving party's response to the moving party's claimed undisputed facts shall be in *separately numbered paragraphs* that coincide with those of the moving party's claimed undisputed facts.  Any statements of fact that are disputed by the non-moving party must be followed by a specific reference to those portions of the evidentiary record upon which the dispute is based.  *All material facts set forth in the statement required of the moving party will be deemed to be admitted for summary judgment purposes unless controverted by the response of the party opposing summary judgment*.

(Doc. 9 at Appx. II at 15, 16-17 (emphasis by underlining added)).

As stated previously in the record, although the court recognizes that Butler is

7

not represented by counsel in this case, she still must obey all orders of the court. Litigants, regardless of their representation status, cannot pick and choose which orders they will follow. Accordingly Butler's failure to adequately oppose HMA's statement of facts in compliance with the requirements of Appendix II means that Butler has admitted Mueller's entire statement of summary judgment facts, and Mueller has made "a *prima facie* showing of its entitlement to judgment."

> **B.    Substantively, Mueller's Motion for Summary Judgment is well-taken and due to be granted.**

Mueller has moved for summary judgment on every monetary claim asserted by Butler on the grounds of judicial estoppel. As Mueller correctly recognizes, the defense of judicial estoppel does not reach any claims for injunctive relief that would not have an impact on a plaintiff/debtor's estate. *See, e.g., Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1289 (11th Cir. 2002) ("We decide, then, that the important and necessary reasons that bar Billups' [sic] monetary claims do not affect his efforts to change, through injunctive relief, Pemco's employment practices. He may pursue his claims for injunctive relief."); *Barger v. City of Cartersville*, 348 F.3d 1289, 1297 (11th Cir. 2003) ("Barger's claim for injunctive relief (*i.e.*, her request for reinstatement) would have added nothing of value to the bankruptcy estate even if she properly disclosed it. Therefore, like the plaintiff-appellant in *Burnes*, <u>judicial</u>

estoppel does not prohibit Barger from pursuing any claims for injunctive relief that she may have.") (emphasis added).

Similar to *Burnes* and *Barger*, Butler is also pursuing non-monetary injunctive relief in this case, "including where appropriate, reinstatement[.]" (Doc. 1 at 3 ¶ (b); *id.* at 4 (b)).  Accordingly, judicial estoppel does not apply to that portion of Butler's complaint.  However, the court concludes that the doctrine does bar Butler's monetary claims under Title VII and, as a result, Mueller's Motion for [Partial] Summary Judgment is due to be granted.

In reaching this determination, this court is guided by the Eleventh Circuit's decisions in *Burnes*, *De Leon v. Comcar Indus., Inc.*, 321 F.3d 1289, 1291 (11th Cir. 2003), and *Barger*.  Turning to *Burnes* first,[6] as the Eleventh Circuit explained:

> In this case, judicial estoppel is raised in the context of a bankruptcy proceeding and a federal employment discrimination case; therefore, federal law governs our analysis.  *See Chrysler Credit Corp. v. Rebhan*, 842 F.2d 1257, 1261 (11th Cir. 1988), *abrogated on other grounds by, Grogan v. Garner*, 498 U.S. 279, 111 S. Ct. 654, 112 L. Ed. 2d 755 (1991); *In re Coastal Plains, Inc.*, 179 F.3d 197, 205 (5th Cir.1999).  Judicial estoppel is an equitable doctrine invoked at a court's discretion.  *New Hampshire v. Maine*, 532 U.S. 742, 750, 121 S. Ct. 1808, 1815, 149 L. Ed. 2d 968 (2001) (internal citations and quotations omitted).  Under this doctrine, a party is precluded from "asserting a claim in a legal proceeding that is inconsistent with a claim taken by that

---

[6] *Burnes* involved a Chapter 13 debtor who later converted his case to one under Chapter 7.  *Id.* at 1284 ("In October of 2000, Billups requested that his Chapter 13 bankruptcy petition be converted to a Chapter 7 case.").

party in a previous proceeding.  Judicial estoppel is an equitable concept intended to prevent the perversion of the judicial process." 18 James Wm. Moore et al., Moore's Federal Practice § 134.30, p. 134-62 (3d ed.2000).  The purpose of the doctrine, "is to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *New Hampshire*, 532 U.S. at 749-50, 121 S. Ct. at 1814 (internal citations and quotations omitted).  This Circuit has explained that, "[j]udicial estoppel is applied to the calculated assertion of divergent sworn positions.  The doctrine is designed to prevent parties from making a mockery of justice by inconsistent pleadings." *American Nat'l Bank of Jacksonville v. Federal Dep. Ins. Corp.*, 710 F.2d 1528, 1536 (11th Cir. 1983) (internal citation omitted); *see also, Coastal Plains*, 179 F.3d at 205 (explaining that, "[t]he purpose of the doctrine is to protect the integrity of the judicial process by preventing parties from playing fast and loose with the courts to suit the exigencies of self interest.") (internal quotations omitted). In the Eleventh Circuit, courts consider two factors in the application of judicial estoppel to a particular case.  *Salomon Smith Barney, Inc. v. Harvey, M.D.*, 260 F.3d 1302, 1308 (11th Cir.2001).  "<u>First, it must be shown that the allegedly inconsistent positions were made under oath in a prior proceeding.  Second, such inconsistencies must be shown to have been calculated to make a mockery of the judicial system</u>." *Id.*

291 F.3d at 1285 (emphasis added).  The defense of judicial estoppel, therefore, requires the satisfaction of two factors:  proof of previous inconsistent positions taken by a litigant under oath and proof of that litigant's intention to compromise the integrity of the judicial system as a result of those inconsistencies.

*Burnes* further notes regarding disclosures in bankruptcy court that "[t]he duty <u>to disclose is a continuing one</u> that does not end once the forms are submitted to the bankruptcy court; rather, a debtor must amend his financial statements if

circumstances change."  *Id.* at 1286 (emphasis added) (citation omitted).  "Full and honest disclosure in a bankruptcy case is 'crucial to the effective functioning of the federal bankruptcy system.'"  *Id.*  (citation omitted).

Here, Bulter was aware of her potential Title VII claims at least as early as July 31, 2007, when she filed her EEOC charge.  However, despite her awareness, she neglected to amend her bankruptcy schedule or otherwise disclose the existence of her Title VII claims against Mueller to the bankruptcy court or the trustee.  Under such circumstances, Mueller has demonstrated satisfaction of the first *Burnes* factor by showing "inconsistent positions . . . made under oath in a prior proceeding."

As for evaluation of the second factor, as the Eleventh Circuit reasoned in *De Leon*:[7]

> Because De Leon certainly knew about his claim and possessed a motive to conceal it because his amount of repayment would be less, we can infer from the record his intent "to make a mockery of the judicial system."  *Id.* at 1285-87.  In conclusion, because the district court did not err in applying judicial estoppel to De Leon's retaliation and discrimination claims, we affirm its grant of summary judgment to Comcar.

321 F.3d at 1291-92 (emphasis added).  Therefore, it is permissible for this court to infer an intent "to make a mockery of the judicial system" based upon a litigant's

---

[7] *De Leon* involved a Chapter 13 debtor.  *Id.* at 1291 ("De Leon filed for bankruptcy under Chapter 13 through which his debts would be discounted and repaid.") (footnote omitted).

"motive to conceal" the existence of a claim.

As the Eleventh Circuit similarly concluded in *Barger*:[8]

> In light of *Burnes* and *DeLeon*, it is difficult to argue that Barger should not be judicially estopped from asserting the discrimination claims she failed to disclose in her bankruptcy petition. Barger appeared to gain an advantage when she failed to list her discrimination claims on her schedule of assets. <u>Omitting the discrimination claims from the schedule of assets appeared to benefit her because, by omitting the claims, she could keep any proceeds for herself and not have them become part of the bankruptcy estate.</u> <u>Thus, Barger's knowledge of her discrimination claims and motive to conceal them are sufficient evidence from which to infer her intentional manipulation.</u> *See Burnes* at 1287.

> The fact that Barger informed the trustee about her discrimination suit during the creditor's meeting does not aid her cause. When the bankruptcy trustee asked Barger for the monetary value of the lawsuit, she informed him that she only sought reinstatement of her previous position with the City of Cartersville.  Barger did not tell the trustee that she was also seeking backpay, liquidated damages, compensatory damages, and punitive damages.  She did not inform the trustee about these additional damages even though she added them to her prayer for relief a mere two days before the creditors meeting.  Thus, it seems clear that Barger deceived the trustee. The bankruptcy court reasoned away Barger's conduct by concluding that it was ultimately the trustee's responsibility to investigate the lawsuit as property of the estate. <u>The Court is not persuaded by the bankruptcy court's reasoning. The foremost responsibility in this matter was for Barger to fully disclose her assets. She did not satisfy her duty.</u>  Instead, she dissembled to the trustee and indicated that her discrimination claim had no monetary value. As such, the trustee can hardly be faulted for not further investigating Barger's discrimination suit.

_____

[8]   *Barger* involved a Chapter 7 debtor.  *Id.* at 1291 ("Because Barger's demotion resulted in less pay, she decided to seek Chapter 7 bankruptcy protection.").

348 F.3d at 1296 (emphasis added).  Akin to the plaintiff in *Barger*, because Butler had a financial motive to conceal the truth about her potential Title VII claims against Mueller from the bankruptcy court, her intent to manipulate the justice system may be inferred.

Moreover, Butler has given this court no reason to reject this permissible inference.  The fact that she maintains that she was truthful with the trustee during a creditors' meeting held in early June when she indicated that she had no claims or lawsuits (other than against Quick Cash) at that time, does not repair her subsequent lack of veracity toward the bankruptcy tribunal.

More specifically, Butler failed to notify the bankruptcy court of her potential discrimination claims against Mueller based upon her discharge from employment on June 19, 2007, when she filed her amended  bankruptcy schedule on June 27, 2007, to reflect a decrease in her average monthly income from $2,667.25 to $600.00. Additionally, Butler never notified the bankruptcy court or the trustee of her decision to formally pursue claims of unlawful discriminatory discharge against Mueller as evidenced by her EEOC charge filed on July 31, 2007, predating her no asset bankruptcy discharge on August 20, 2007, by nearly three weeks and the closing of her bankruptcy case on December 12, 2007, by over four months.

Accordingly, under a totality of the circumstances, this court can infer from the

record Butler's intent "to make a mockery of the judicial system."  Furthermore, consistent with the judicial estoppel principles explained in *Burnes*, *De Leon*, and *Barger*, summary judgment in favor of Mueller is appropriate with respect Butler's Title VII monetary claims on the grounds of the doctrine.

## IV.   CONCLUSION

Mueller's Motion for Summary Judgment is **GRANTED**, and Butler's Title VII monetary claims are **HEREBY DISMISSED WITH PREJUDICE** on the basis of judicial estoppel.  Remaining pending before the court are Butler's claims for any non-monetary injunctive relief.

**DONE** and **ORDERED** this the 1st day of July, 2009.

**VIRGINIA EMERSON HOPKINS**
United States District Judge